### SCHUSTER, Plaintiff-Appellant, v. NORTH AMERICAN MORTGAGE LOAN CO. et al., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 18025.  Decided June 22, 1942.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, for plaintiff-appellant.

Locher, Green & Woods, Cleveland, for defendants-appellees.

DOYLE, P. J., STEVENS, J., of the 9th District, GUERNSEY, J., of the 3rd District, sitting by designation in the 8th District.

## OPINION

PER CURIAM:

The relief asked in the plaintiff's petition appears in the following language:

"1. That the defendant be ordered fully to account for the administration of all assets received by said mortgage company for liquidation, and that the plaintiff, or a person authorized by him, be permitted to examine the assets of said mortgage company and to inspect the books, papers, accounts, vouchers, documents, and other records of said mortgage company.

2. That a judgment be entered against the individual defendants, and each of them for all money of the mortgage company used for the purchase of stock or other securities and for all other money used contrary to the terms of the trust, with interest thereon from the time of diversion.

3. That the mortgage company be removed as trustee of the assets held by it for the benefit of the certificate holders and that a new trustee be appointed to administer said assets in accordance with the terms of the trust.

4. That the plaintiff be granted all other and further relief to which he, in equity and good conscience, may be entitled."

It is a general rule that a trustee who is liable for a loss occasioned by one breach of trust, cannot reduce the amount of his liability by deducting the amount of a gain which has accrued through another and distinct breach of trust. It is a further rule that under the circumstances here shown, each purchase of stock is a separate and distinct breach of trust. However, in the case before this court, the plaintiff has requested no other relief than appears in his petition and from the language of the pleading there appears a disaffirmance of all purchases made by the trustee in violation of the trust agreement.

This court determines, therefore, that a judgment be entered against the named individuals in favor of the North American Mortgage Loan Company, in an amount equal to "all money of the mortgage company used for the purchase of stock or other securities" with interest at 2-½ per-

cent from the time of the illegal diversion of the funds in the trust to the time of the entry of this judgment.

It is further determined that a credit or credits be allowed the individual defendants in an amount equal to the proceeds obtained from the sale of part of the stock as shown in Exhibit A of the accounting, and in addition thereto, credit is allowed in an amount equal to the income received from the stock as shown by Exhibit A.

Exhibit B of the accounting sets out securities illegally purchased which have not been sold. The income received from these securities may be credited upon the judgment.

The illegally purchased securities now held by the trustee as shown in Exhibit B shall be sold on or before thirty days from the filing of the entry herein and the proceeds thereof credited to the judgment unless within such period the said judgment is paid in full, in which event the remaining securities shall be assigned, transferred and delivered to the defendants against whom the judgment is rendered.

If, within the period of thirty days, the judgment is fully satisfied, no order of removal of the trustee shall be made. If the judgment is not satisfied within such period of time, the trustee is ordered to be removed and a successor trustee appointed.

This record fails to disclose any bad faith, fraud or self-dealing on the part of these defendants, although in law their acts constituted a breach of trust.

A journal entry will be prepared in conformity with this memorandum.

DOYLE, STEVENS & GUERNSEY, JJ., concur.